IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVIS C. HAWN

       Plaintiff,

v.

CASE NO.: 3:07cv97/RV/EMT
DIVISION: _____

SHORELINE TOWERS PHASE I
CONDOMINIUM ASSOCIATION, INC.,
JEFFREY LUTHER, NORMA FREEMAN,
JAMES L. BRAZEALE, GREG O'BRIEN,
WILLIAM L. GINGER, III, DESSIE DAVIS
and CRAIG L. FAUST,

       Defendants.

_____

## COMPLAINT

Plaintiff, DAVIS C. HAWN, by and through his undersigned counsel, sues Defendants, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC., JEFFREY LUTHER, NORMA FREEMAN, JAMES L. BRAZEALE, GREG O'BRIEN, WILLIAM L. GINGER, III, DESSIE DAVIS and CRAIG L. FAUST and alleges:

### JURISDICTION AND VENUE

1.    Plaintiff, DAVIS C. HAWN (hereinafter referred to as "HAWN"), is a resident of Pass Christian, Harrison County, Mississippi.



OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

07 MAR -2



FILED

2.     Defendant, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as "SHORELINE TOWERS") is a Florida corporation with its principal place of business located in Destin, Okaloosa County, Florida.

3.     Defendant, JEFFREY LUTHER (hereinafter referred to as "LUTHER") is an individual resident of Mobile, Mobile County, Alabama and is an Officer and Director of SHORELINE TOWERS.

4.     Defendant, NORMA FREEMAN (hereinafter referred to as "FREEMAN"), is an individual resident of Destin, Okaloosa County, Florida and is an Officer and Director of SHORELINE TOWERS.

5.     Defendant, JAMES L. BRAZEALE (hereinafter referred to as "BRAZEALE"), is an individual resident of Brooks, Fayette County, Georgia and is an Officer and Director of SHORELINE TOWERS.

6.     Defendant, GREG O'BRIEN (hereinafter referred to as "O'BRIEN") is an individual resident of Chicago, Cook County, Illinois and is a Director of SHORELINE TOWERS.

7.     Defendant, WILLIAM L. GINGER, III (hereinafter referred to as "GINGER") is an individual resident of Beaumont, Jefferson County, Texas and is a Director of SHORELINE TOWERS.

8.     Defendant, DESSIE DAVIS (hereinafter referred to as "DAVIS") is an individual resident of Destin, Okaloosa County, Florida and is a Director of SHORELINE TOWERS.

9.     Defendant, CRAIG L. FAUST, (hereinafter referred to as "FAUST") is an individual resident of Destin, Okaloosa County, Florida and is a Director of SHORELINE TOWERS.

10.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as this case is brought, in part, as a result of discrimination in violation of Title VII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.  42 U.S.C. §3601.

11.    Venue is proper in this District, pursuant to 28 U.S.C. §1391, because the majority of events giving rise to the claims asserted herein occurred in this District and the real property that is the subject of this action is located in this District.

## FACTS

12.    Since June 2004, HAWN has been the fee simple owner of certain real property located in Okaloosa County, more particularly described as Unit 3023 of Shoreline Towers Phase III and the undivided interest in the Common Elements appurtenant thereto as set forth in the Declaration of Condominium (Parcel Identification Number 00 2S 22 217C 0000 3023) (hereinafter referred to as the "Subject Property").

13.    In November 2004, HAWN re-injured his leg and, as a result, began suffering from extreme pain and the disabling effects of a disease process characterized by a progressive, disabling heterotopic osteogenesis.  This disease process has caused physical impairments which are permanent and which substantially limit HAWN's ability to walk, care for himself, stand, interact with others, sleep, work and perform manual tasks (hereinafter referred to as "Physical Impairments").

3

14.     HAWN's Physical Impairments substantially limit one or more of his major life activities and, therefore, constitute a disability under the Federal Fair Housing Act.

15.     HAWN's Physical Impairments constitute a disability under the Florida Fair Housing Act.

16.     In addition, for many years, HAWN has been subjected to physical attacks, threats, stalking and other acts of violence by a specific individual. His vehicle and other valuables have been stolen on more than one occasion. As a direct result, HAWN lives in a perpetual state of fear and hyper-vigilance.

17.     In the past, while visiting the Subject Property, HAWN was kidnapped, had his keys removed from his vehicle and was physically assaulted and battered. Shortly thereafter, HAWN's assailant convinced SHORELINE TOWERS' security personnel to allow him to unlawfully enter the Subject Property where he remained for days/weeks. HAWN was notified by a friend that the Subject Property was being unlawfully occupied and, thus, HAWN called the Okaloosa County Sheriff's Department. The assailant was arrested on outstanding warrants.

18.     As a direct and proximately result of this incident, HAWN has suffered from a mental disability which causes him to be in constant fear and prohibits him from being alone in the Subject Property. HAWN suffers from extreme anxiety, depression and Post Traumatic Stress Disorder (hereinafter referred to as "Mental Impairments"). These Mental Impairments affect HAWN's ability to concentrate, learn, work, sleep and interact normally with others.

4

19.    HAWN's Mental Impairments substantially limit one or more of his major life activities and, therefore, constitute a disability under the Federal Fair Housing Act.

20.    HAWN's Mental Impairments constitute a disability under the Florida Fair Housing Act.

21.    To lessen the impact of his Physical and Mental Impairments on his daily life, HAWN employed a service animal by the name of "Booster". Booster is registered as a service animal with Service Animal Registry of America, and has passed rigorous testing known as the Canine Good Citizenship Test. Booster also passed the Therapy Dogs International test and is certified by that organization. Booster has been uniquely trained to perform specific tasks to help HAWN overcome his disabilities.

22.    Booster is necessary to make HAWN aware of an intruder, to bark upon command, to locate and retrieve the phone in case of an emergency, to summon assistance and to otherwise assist HAWN with his Mental Impairments. Booster is uniquely capable of calming HAWN and lessening the severe panic attacks and effects of the Post Traumatic Stress Disorder that has afflicted HAWN. Booster is necessary to perform specific tasks for HAWN when HAWN cannot perform the tasks due to the extreme pain associated with his Physical Impairments.    Booster will open any refrigerator door and bring water and/or food upon command, he will remove socks from HAWN's feet, he will locate and retrieve shoes, clothing and dropped items, he will provide balance to HAWN to assist his mobility and balance and he will otherwise assist HAWN with his Physical Impairments. Booster has specialized training that makes him specifically suited to deal with HAWN'S Physical and Mental Impairments.

23.    At all material times, SHORELINE TOWERS has a sign posted stating "No Animals Allowed."

24.    At all material times, SHORELINE TOWERS had a rule prohibiting any and all pets or animals from entering the condominium property, including the Subject Property.

25.    More specifically, SHORELINE TOWERS implemented and enforced the following rule: "An apartment owner shall not keep any pet in his Apartment except under the regulations promulgated by the Association from time to time, nor keep any other animals, livestock or poultry nor may any of the same be raised, bred or kept upon any portion of the Condominium Property…."

26.    In an attempt to deny HAWN his rights secured by federal and state laws, SHORELINE TOWERS created an amendment to its condominium documents which stated "No pets or animals of any kind may be kept or brought on any portion of the Condominium Property at any time."

27.    SHORELINE TOWERS has the authority to enforce the above-referenced rules.

28.    In June 2006, HAWN requested that SHORELINE TOWERS waive its rule prohibiting "animals" so that he could have a service animal as an accommodation for his Physical and Mental Impairments. HAWN's request stated in writing that "due to the debilitating injury to [his] leg, [he is] often in pain and [his] mobility is restricted" and "psychologically [he] cannot function without [his] service animal, especially at SHORELINE TOWERS."

6

29.     In June 2006, HAWN provided SHORELINE TOWERS with letters from two health care providers which state that HAWN has physical impairments which limit his mobility and that, in order to assist with these difficulties and to enhance his ability to live independently, he needs a service animal. The health care providers also stated that HAWN suffered a life threatening trauma while at the Subject Property and that he is unable to properly cope with anxiety and stress and suffers from panic attacks and that, in order to assist with these difficulties and to enhance his ability to live independently, he needs a service animal.

30.     SHORELINE TOWERS was provided documentation showing that HAWN's service animal is properly trained and certified as a service animal by Therapy Dogs International and is registered with the Service Animal Registry of America.

31.     The requested accommodation will affirmatively enhance HAWN's quality of life by ameliorating the effects of his Physical and Mental Impairments. The requested accommodation is reasonable and necessary for HAWN to fully use and enjoy the Subject Property and all public and common use areas.

32.     At all material times, SHORELINE TOWERS was fully aware of the extent and nature of HAWN's Physical and Mental Impairments.

33.     SHORELINE TOWERS has refused to approve of HAWN's accommodation.

34.     The requested accommodation is not unreasonable under the circumstances.

7

35.     The Subject Property is a dwelling as defined by the Federal Fair Housing Act.

36.     The Subject Property is a dwelling as defined by the Florida Fair Housing Act.

37.     Pursuant to 42 U.S.C. 3604(f)(3)(B) and Section 760.23(9)(b), Florida Statutes, it is discriminatory to refuse to make reasonable accommodations in rules, policies and practices, when such accommodations are needed to afford a disabled person an equal opportunity to use and enjoy a dwelling.

38.     On September 13, 2006, SHORELINE TOWERS specifically denied HAWN's request for a reasonable accommodation.

39.     On September 20, 2006, HAWN filed a complaint with the Florida Commission on Human Relations alleging that the SHORELINE TOWERS discriminated against him in violation of the Florida Fair Housing Act and Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

40.     Pursuant to the above-referenced complaint, The Florida Commission on Human Relations conducted an investigation which concluded that there is reasonable cause to believe that SHORELINE TOWERS discriminated against HAWN in violation of 42 U.S.C. §3604(f)(3)(B) and §760.23(9)(b), Florida Statutes (2005).

41.     At all material times, SHORELINE TOWERS implemented and enforced the discriminatory rules and regulations as reflected above.

42.     Each and every member of the Board of Directors was personally involved in each and every discriminatory act mentioned above during their tenure as Members of

8

the Board of Directors. As such, each reference to SHORELINE TOWERS includes each and every member of the Board of Directors.

<b><u>COUNT I – VIOLATION OF FEDERAL FAIR HOUSING ACT</u></b>

43.     Plaintiff reasserts and re-alleges the facts contained in Paragraphs 1-41 as if stated verbatim.

44.     Pursuant to 42 U.S.C. §3604(f), it is unlawful to discriminate against any person in the terms, condition or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of handicap.

45.     Pursuant to 42 U.S.C. §3604(c), it is unlawful to make, print, or publish, or cause to be made, printed or published, any notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination based on handicap or an intention to make any such preference, limitation or discrimination.

46.     By posting a sign stating "No Animals Allowed," SHORELINE TOWERS is in violation of 42 U.S.C. §3604(c).

47.     Pursuant to 42 U.S.C. §3604(f)(3)(B), discrimination includes a refusal by SHORELINE TOWERS to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford HAWN equal opportunity to use and enjoy the Subject Property.

48.     A discriminatory housing practice has occurred.

49.     Pursuant to 42 U.S.C. §3613(c), if the court finds that a discriminatory housing practice has occurred, it shall issue an order prohibiting the practice and

9

providing affirmative relief from the effects of the practice, including injunctive and other equitable relief, actual and punitive damages, and reasonable attorney's fees and costs.

50. SHORELINE TOWERS had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to HAWN would result and, despite that knowledge, intentionally pursued a course of conduct resulting in injury or damage.

51. SHORELINE TOWERS' conduct was so reckless and wanting of care that it constituted a conscious disregard and indifference to the life, safety and rights of HAWN.

52. SHORELINE TOWERS acted with malice and reckless indifference.

53. SHORELINE TOWERS was guilty of intentional misconduct and/or gross negligence.

54. SHORELINE TOWERS is guilty of intentional discriminatory conduct towards HAWN, incidental discrimination, and the failure to make a reasonable accommodation that would allow HAWN the enjoyment of his chosen residence.

55. As a direct and proximate cause of the discriminatory housing practices as described above, HAWN has suffered damages including, but not limited to, reasonable and necessary medical expenses, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, humiliation, anxiety and depression, cost of temporary lodging, loss of use of the Subject Property, expenses related to finding

alternative housing, punitive damages, prejudgment interest, litigation costs and attorney's fees.

WHEREFORE, Plaintiff, DAVIS C. HAWN, demands judgment for equitable relief, including the entry of temporary and permanent injunctions, actual and punitive damages and reasonable attorney's fees, costs and interest, jointly and severally, against Defendants, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC., JEFFREY LUTHER, NORMA FREEMAN, JAMES L. BRAZEALE, GREG O'BRIEN, WILLIAM L. GINGER, III, DESSIE DAVIS and CRAIG L. FAUST.

## COUNT II – VIOLATION OF FLORIDA FAIR HOUSING ACT

56.     Plaintiff reasserts and re-alleges the facts contained in Paragraphs 1-41 as if stated verbatim.

57.     Pursuant to §760.23(2), Florida Statutes, it is unlawful to discriminate against any person in the terms, condition or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of handicap.

58.     Pursuant to §760.23(3), Florida Statutes, it is unlawful to make, print, or publish, or cause to be made, printed or published, any notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination based on handicap or an intention to make any such preference, limitation or discrimination.

59.     By posting a sign stating "No Animals Allowed," SHORELINE TOWERS is in violation of §760.23(2), Florida Statutes.

11

60.    Pursuant to §760.23(9), Florida Statutes, discrimination includes a refusal by SHORELINE TOWERS to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford HAWN equal opportunity to use and enjoy the Subject Property.

61.    A discriminatory housing practice has occurred.

62.    Pursuant to §760.23(9), Florida Statutes, if the court finds that a discriminatory housing practice has occurred, it shall issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including injunctive and other equitable relief, actual and punitive damages, and reasonable attorney's fees and costs.

63.    SHORELINE TOWERS had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to HAWN would result and, despite that knowledge, intentionally pursued a course of conduct resulting in injury or damage.

64.    SHORELINE TOWERS' conduct was so reckless and wanting of care that it constituted a conscious disregard and indifference to the life, safety and rights of HAWN.

65.    SHORELINE TOWERS acted with malice and reckless indifference.

66.    SHORELINE TOWERS was guilty of intentional misconduct and/or gross negligence.

67.     SHORELINE TOWERS is guilty of intentional discriminatory conduct towards HAWN, incidental discrimination, and the failure to make a reasonable accommodation that would allow HAWN the enjoyment of his chosen residence.

68.     As a direct and proximate cause of the discriminatory housing practices as described above, HAWN has suffered damages including, but not limited to, reasonable and necessary medical expenses, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, humiliation, anxiety and depression, cost of temporary lodging, loss of use of the Subject Property, expenses related to finding alternative housing, punitive damages, prejudgment interest, litigation costs and attorney's fees.

WHEREFORE, Plaintiff, DAVIS C. HAWN, demands judgment for equitable relief, including the entry of temporary and permanent injunctions, actual and punitive damages and reasonable attorney's fees, costs and interest, jointly and severally, against Defendants, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC., JEFFREY LUTHER, NORMA FREEMAN, JAMES L. BRAZEALE, GREG O'BRIEN, WILLIAM L. GINGER, III, DESSIE DAVIS and CRAIG L. FAUST.

## COUNT III – INFLICTION OF EMOTIONAL DISTRESS

69.     Plaintiff reasserts and re-alleges the facts contained in Paragraphs 1-41 as if stated verbatim.

70.     SHORELINE TOWERS' conduct was intentional or reckless.

71.     SHORELINE TOWERS intended its behavior when it knew or should have known the emotional distress would likely result;

13

72.     The conduct of SHORELINE TOWERS was outrageous.

73.     The conduct of SHORELINE TOWERS was beyond all bounds of decency, atrocious, and utterly intolerable in a civilized community.

74.     SHORELINE TOWERS' conduct caused severe emotional distress to HAWN.

75.     As a direct and proximate cause of SHORELINE TOWERS' conduct as described above, HAWN has suffered damages including, but not limited to, reasonable and necessary medical expenses, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, humiliation, anxiety and depression, cost of temporary lodging, loss of use of the Subject Property, expenses related to finding alternative housing, punitive damages, prejudgment interest, litigation costs and attorney's fees.

WHEREFORE, Plaintiff, DAVIS C. HAWN, demands judgment for equitable relief, including the entry of temporary and permanent injunctions, actual and punitive damages and reasonable attorney's fees, costs and interest, jointly and severally, against Defendants, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC., JEFFREY LUTHER, NORMA FREEMAN, JAMES L. BRAZEALE, GREG O'BRIEN, WILLIAM L. GINGER, III, DESSIE DAVIS and CRAIG L. FAUST.

## COUNT IV – INJUNCTION

76.     This is an action for an injunction.

77.     SHORELINE TOWERS' policy of denying a reasonable accommodation to individuals with disabilities, such as HAWN, including the prohibition of service

14

animals from entering and staying on the condominium property, exposes the owners of each condominium, including HAWN, to liability under the Fair Housing Act.

    78.    Future enforcement of SHORELINE TOWERS' no animals policy will continue to deny HAWN's rights which are secured by the Fair Housing Act.

    79.    Due to the policies of SHORELINE TOWERS as described above, it will be impossible for HAWN to sell or rent the Subject Property without subjecting himself to liability under the Fair Housing Act.

    WHEREFORE, Plaintiff, DAVIS C. HAWN, demands judgment for a temporary and permanent injunction restraining Defendants, SHORELINE TOWERS PHASE I CONDOMINIUM ASSOCIATION, INC., JEFFREY LUTHER, NORMA FREEMAN, JAMES L. BRAZEALE, GREG O'BRIEN, WILLIAM L. GINGER, III, DESSIE DAVIS and CRAIG L. FAUST, from enforcing its pet policy to deny the use of service animals on the condominium property.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

    80.    Plaintiff demands a jury trial in this action.

DATED this ___ day of March, 2007.

J. BRUCE BOWMAN
Fla. Bar No. 0781959
CLARK, PARTINGTON, HART,
LARRY, BOND & STACKHOUSE
34990 Emerald Coast Parkway, Suite 301
Destin, Florida 32541
(850) 650-3304; (850) 650-3305 - facsimile
Counsel for Plaintiff

A0211161