IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVIS C. HAWN,
      Plaintiff,

v.                                  Case No. 3:07cv97/RV/EMT

SHORELINE TOWERS PHASE I
CONDOMINIUM ASSOCIATION, INC., et al.,
      Defendants.
_____/

# O R D E R

This cause is before the court upon Defendants' Motion to Compel and to Extend Discovery Deadline (Doc. 27), Plaintiff's response thereto (Doc. 29), and Defendants' reply (Doc. 31).

I.      BACKGROUND

In this action, Plaintiff alleges that Defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 (2006), and the Florida Fair Housing Act ("FFHA"), § 760.23(2), Florida Statutes (2006), by prohibiting him from bringing his service dog, Booster, into the condominium development where he is an owner (*see, e.g.*, Doc. 1 at 9, 11, 13). For relief, Plaintiff seeks compensatory and punitive damages, an order enjoining Defendants' "no animals" policy, and attorney's fees and costs associated with bringing the instant motion (*see, e.g.*, *id.* at 14–15).

II.     DISCUSSION

On April 25, 2007, Defendants served their first set of interrogatories on Plaintiff (*see* Doc. 27 at 2). On June 28, 2007, Plaintiff answered the first set of interrogatories (*id.*); Plaintiff then supplemented his answers on July 25, 2007 (*see* Doc. 29 at 2). In the instant motion, Defendants allege that Plaintiff's answers (including the latest supplements) are inadequate for a number of reasons (*see* Doc. 31 (Defendants' reply, specifying which interrogatory answers remain in dispute following Plaintiff's supplemental responses)). In general, Defendants allege that Plaintiff's answers

are untimely because they were filed more than thirty (30) days after Plaintiff was served with Defendants' first set of interrogatories (*see* Doc. 27 at 2).  Defendants also specifically allege that Plaintiff's answers to interrogatories two, three, four, seven, eight, eleven, twelve, thirteen, and fourteen are legally insufficient (*see* Doc. 31 at 1–8).  Defendants seek an order compelling Plaintiff to provide a more specific response to each identified interrogatory and granting a sixty-day extension of the discovery deadline (*see id.* at 8).  Defendants also seek costs and attorney's fees (*see id.*).  The court will address each issue in turn.

     A.     Plaintiff's Answers to Defendants' First Set of Interrogatories

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  Discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

Rule 33 provides that a party may serve up to twenty-five (25) written interrogatories upon another party.  Fed. R. Civ. P. 33(a).  Answers must be provided under oath and signed by the person making them; any objections must be signed by the attorney making them.  Fed. R. Civ. P. 33(b)(1), (2).  Answers should be complete in and of themselves.  Incorporation by reference to a separate document is not a responsive answer.  *See* Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (citing 4 James Wm. Moore *et al.*, Moore's Federal Practice (2d ed. 1989)).  Objections to any interrogatory must be stated specifically, and unless such objection is stated within the thirty (30) days permitted for answers to be served upon the requesting party, such objections are deemed waived unless the failure to object is excused by the court for good cause shown.  Fed. R. Civ. P. 33(b)(3) and (4).  Furthermore, the objecting party shall answer the interrogatory to the extent that it is not objectionable.  *See* Fed. R. Civ. P. 33(b)(1).

Initially, the court notes that Plaintiff's initial answers to Defendants' first set of interrogatories were untimely, as they were provided approximately one month late, and they were

not signed under oath by Plaintiff (*see, e.g.*, Doc. 31 at 3).  Rule 33(b)(1) requires that the "[e]ach interrogatory shall be answered separately and fully in writing under oath [and signed by the person answering], unless it is objected to . . . ."  Accordingly, Plaintiff's initial answers to Defendants' first set of interrogatories do not comply with Rules 33(b)(1)–(3).  On July 25, 2007, Plaintiff supplemented his initial answers with answers signed under oath (*see, e.g.*, Doc. 31 at 3).  Despite Plaintiff's failure to follow Rule 33(b), the court need not base its ruling on said failure, because the court has identified other significant insufficiencies in Plaintiff's supplemental answers.

Question Two

Question two asks:

> Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted a violation of [FHA] and [FFHA], including in your answer the names of those persons who violated said acts.

(Doc. 31 at 1).

Plaintiff's initial answer to question two was: "See Complaint.  Also, on May 7, 2007, Plaintiff was denied a nightly rental by Judith Williams" (*id.* at 2).[1]  Plaintiff then supplemented his initial answer by copying paragraphs 12–43, 46–55, 60–68, and 77–79 of the complaint without paragraphs or paragraph numbers (*id.*).  Plaintiff also added the following statement:

> Also, on May 9, 2007, [Plaintiff] attempted to rent a condominium for the night has [sic] his condominium was occupied.  Ms. Sharon Dillon began the process and located a condominium for [Plaintiff].  However, Judy Williams, the general manager, advised [Plaintiff] that he would not be allowed to stay at [the condominium development] because of [Plaintiff's] service animal.  Ms. Williams gave [Plaintiff] a typed note that he could not stay without a letter from the doctors stating that the service animal was medically necessary.  Of course [Defendants] already had letters from [Plaintiff's] physicians corroborating his disabilities and resultant need for his service animal.

(*id.*).

Plaintiff's answer to question two is incomplete and inadequate.  First, it is insufficient to

---

[1]The court notes that Plaintiff's three-page response to Defendants' motion merely alleges compliance with the Federal Rules of Civil Procedure and does not provide the substance of any of Plaintiff's interrogatory answers (*see* Doc. 29 at 1–2).  Thus, the court's account of Plaintiff's responses to Defendants' first set of interrogatories comes entirely from Defendants' motion and reply (*see, e.g.*, Doc. 31 at 2 (Defendants' reply memorandum, recounting Plaintiff's answer to question two of Defendants' first set of interrogatories)).

answer an interrogatory by merely referencing allegations of a pleading.  *See* Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) (citing Farran v. Johnston Equip. Inc., No. 93-6148, 1995 WL 549005, at *5 (E.D. Pa. Sept.12, 1995) (Rule 33 "requires an answer to be complete in and of itself"; thus, the answer "should not refer to other pleadings")); *see also* King v. E.F. Hutton, Inc., 117 F.R.D. 2, 6 (D.D.C. 1987) ("Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed.").  Plaintiff's verbatim copying of paragraphs contained in the complaint is no more effective an answer to question two than his bare citation to the complaint.  Question two seeks further information about the facts underlying Plaintiff's allegations, not a second recitation of the complaint.  Second, as Defendants correctly identify, Plaintiff's reference to Defendants' business records also is not a sufficient answer to question two (*see* Doc. 31 at 2).  *See also* Davidson, 215 F.R.D. at 77 ("A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party").  Rule 33(d) permits answering an interrogatory through the production of the business records "of the party upon whom the interrogatory has been served . . . [if] the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served . . . ."  If the served party chooses to respond to an interrogatory by producing business records, the served party must specify, in detail, the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the record.  *See* Fed. R. Civ. P. 33(d); *see also* Jackson v. Geometrica, Inc., No. 3:04cv640J20HTS, 2006 WL 213860, at *4 (M.D. Fla. Jan. 27, 2006) (finding an interrogatory answer insufficient where a served party referred the serving party to the serving party's own deposition and the insurance policies of the serving party's employer).  Therefore, Defendants' motion to compel an appropriate answer to question two shall be granted.

Question Three

Question three asks:

Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted an infliction of emotional distress, including in your answer the names of those persons who inflicted said emotional distress.

(Doc. 31 at 3).  Plaintiff's supplemental answer to question three was "See response to Interrogatory

2" (*id.*).[2]

Plaintiff's answer to question three is insufficient for the same reasons his answer to question two is insufficient.  Moreover, Rule 33(b) requires the answer to an interrogatory question to be complete in and of itself without reference to other pleadings.  *See* Davidson, 215 F.R.D. at 77; Farran, 1995 WL 549005, at *5.  Therefore, Defendants' motion to compel an appropriate answer to question three shall be granted.

Question Four

Question four asks:

> List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the allegations described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each paid or is owed, and the goods or services for which was incurred.

(Doc. 31 at 3).  Plaintiff's first answer was "Expenses associated with alternative lodging; Loss of use of condominium; Expenses associated with owning/maintaining condominium; Medical expenses; Prescription mediation [sic], and mental anguish.  Also, see Complaint" (*id.*).  Plaintiff then supplemented his answer by adding the following text to his first answer:

> Pain and suffering, inconvenience, loss of capacity for the enjoyment of life, humiliation, anxiety and depression; litigation costs and attorney fees.  Plaintiff has not determined the exact amount of these damages but will supplement if necessary.

(*id.*).

Plaintiff's answer to question four is incomplete and inadequate.  First, the court notes that Plaintiff's supplemental answer to question four still suffers from the same insufficiencies as discussed above because it references the complaint and does not provide a complete answer in and of itself.  *See* Davidson, 215 F.R.D. at 77; Farran, 1995 WL 549005, at *5.  Second, Plaintiff's response does not answer the question.  Question four calls for a detailed itemization of the expenses or other damages that Plaintiff claims as a result of the allegations contained in his complaint, including the date that each expense or damage was incurred and the party to whom each expense was paid or is owed (*see* Doc. 31 at 3).  Plaintiff's response merely provides a general unitemized

---

[2]Plaintiff's initial answer to question three was essentially the same (*see* Doc. 31 at 3).

list without any of the specific information called for in question four.  Third, to the extent that Plaintiff's supplemental answer to question four attempts to object to the question on the ground that Plaintiff does not have the information the question calls for, Plaintiff has waived this objection by failing to raise it within thirty (30) days of being served with Defendants' first set of interrogatories. *See* Fed. R. Civ. P. 33(b)(4).[3]  Therefore, Defendants' motion to compel an appropriate answer to question four shall be granted.

<u>Question Seven</u>

Question seven asks:

> List the names and business addresses of each physician or medical care provider who has treated or examined you, and each medical facility where you have received any treatment or examination for the 'Mental Impairments' as all [sic] alleged in paragraph 18 of your complaint.

(Doc. 31 at 4).  Plaintiff's first answer to question seven was: "Dr. Patrick Evans[,] Dr. Zen" (*id.*). Plaintiff then supplemented his answer with addresses for Drs. Evans and Zen but added "Daniel J. Vujnovish, Ph.D." without providing an address for Dr. Vujnovish (*id.*).

Plaintiff's answer to question seven is insufficient because it does not answer the question. Specifically, Plaintiff failed to provide the address of Dr. Vujnovish.  Moreover, Plaintiff has failed to object to question seven, and thus has waived any possible objection to the question.  Therefore, Defendants' motion to compel an appropriate answer to question seven shall be granted.

<u>Question Eight</u>

Question eight asks:

> List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter of which the witness has knowledge.

(Doc. 31 at 4).  Plaintiff's first answer objected to question eight "to the extent that it calls for the identity of purely consulting experts" and then provided a list of names without addresses (*id.* at 4–5). Plaintiff supplemented his first answer with the addresses for many of the identified witnesses but did not supply an address for Ed Eames or Joe Frame (*id.* at 5).

---

[3]Plaintiff has offered no explanation for his failure to raise an objection at an earlier time, and correspondingly, has failed to show good cause for his failure.

Case No. 3:07cv97/RV/EMT

Defendants argue that Plaintiff's answer to question eight is insufficient because it does not provide the addresses for Mr. Eames and Mr. Frame (*see id.*).  The court agrees with Defendants; Plaintiff has failed to provide the addresses for Mr. Eames and Mr. Frame.  Therefore, Defendants' motion to compel an appropriate answer to question eight shall be granted.

Question Eleven

Question eleven asks:

Describe in detail the attempts to deny your rights regarding the amendment to condominiums as alleged in paragraph 26 of your complaint, including in your answer the names of all persons who attempted to deny said rights.

(Doc. 31 at 5).  Plaintiff's first answer states: "See Complaint.  See state investigative reports.  See Board minutes.  See police reports" (*id.*).  Plaintiff's supplemental answer states:

See answer to interrogatory 2.  Also, the state investigative reports conclude that there is reasonable cause to believe that a discriminatory housing practice has occurred in violation of Chapter 760.23, Florida Statutes.  There is also a conclusion that there is reasonable cause to believe that Shoreline Towers discriminated against Mr. Hawn in violation of 42 [U.S.C. §] 3604(f)(3)(B).

(*id.*).

Plaintiff's answer to question eleven is clearly insufficient.  First, as before, Plaintiff improperly cites to his complaint and to various other documents.  *See* Davidson, 215 F.R.D. at 77; Farran, 1995 WL 549005, at *5; King, 117 F.R.D. at 6.  Second, Plaintiff cannot properly answer question eleven by citing to Defendants' business records or incorporating by reference separate documents that are also within Defendants' control.  *See* Davidson, 215 F.R.D. at 77; Farran, 1995 WL 549005, at *5; Dipietro, 144 F.R.D. at 282.  Moreover, Plaintiff has not attempted to provide or make available his own business records in answer to this question as permitted by Rule 33(d).  Further, Plaintiff has not answered the question asked.  For example, question eleven asks Plaintiff to describe in detail the attempts Defendants made to deny Plaintiff his rights as secured by the Shoreline Towers condominium documents (*see* Doc. 31 at 5).  The question also requires Plaintiff to provide the names of all of the persons Plaintiff alleges denied his rights (*see id.*).  Plaintiff has not named a single individual he claims violated his rights under the Shoreline Towers condominium documents, FHA, or FFHA, nor has he described how or why he believes that his rights were violated.  If the documents identified by Plaintiff lead him to believe that Defendants violated FHA

or FFHA by amending the Shoreline Towers condominium documents, Plaintiff should describe in detail why he holds this belief.  Finally, Plaintiff has failed to raise a timely objection to question eleven and has not attempted to state good cause for his failure to do so.  Therefore, Defendants' motion to compel an appropriate answer to question eleven shall be granted.

> Question Twelve

Question twelve asks:

> State the facts which would show [Defendants] had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to you would result as alleged in paragraph 50 of your complaint.

(Doc. 31 at 6).  Plaintiff responded by reciting the same answer he provided for question eleven (*see id.* at 5–6).

Plaintiff's answer to question twelve is insufficient for the same reasons his answer to question eleven is insufficient.  In addition, specifically with respect to question twelve, Plaintiff's answer does not state any facts regarding Defendants' knowledge of the wrongfulness of their conduct as alleged in paragraph fifty of the complaint.  Therefore, Defendants' motion to compel an appropriate answer to question twelve shall be granted.

> Question Thirteen

Question thirteen asks:

> State the facts which would show [Defendants'] conduct was reckless, wanting of care and constituted a conscious disregard and indifference as alleged in paragraph 51 of your complaint.

(Doc. 31 at 6).  Plaintiff responded by reciting the same answer he provided for question eleven (*see id.* at 5, 7).

Plaintiff's answer to question thirteen is insufficient for the same reasons his answer to question eleven is insufficient.  In addition, specifically with respect to question thirteen, Plaintiff's answer does not identify any facts that would tend to show Defendants were reckless or indifferent to Plaintiff's life, safety, or rights as alleged in paragraph fifty-one of the complaint.  Therefore, Defendants' motion to compel an appropriate answer to question thirteen shall be granted.

> Question Fourteen

Question fourteen asks:

> State all incidents of intentional discriminatory conduct which you alleged occurred
> in paragraph 54 of your complaint, including the names of persons or entities who
> engaged in such conduct, the nature of the conduct, and how such conduct was
> discriminatory in nature.

(Doc. 31 at 7).  Plaintiff responded by reciting the same answer he provided for question eleven (*see id.* at 5, 7).

Plaintiff's answer to question fourteen is insufficient for the same reasons his answer to question eleven is insufficient.  In addition, specifically with respect to question fourteen, Plaintiff has failed to state the names of any persons or entities that intentionally discriminated against him as he alleged in paragraph fifty-four of the complaint.  Therefore, Defendants' motion to compel an appropriate answer to question fourteen shall be granted.

In summary, for the reasons described above, Defendants' motion to compel appropriate answers to questions two, three, four, seven, eight, eleven, twelve, thirteen, and fourteen shall be granted.  Plaintiff, to the extent that he knows or can obtain the information requested, must provide detailed answers to Defendants' interrogatories.

B.     Extension of Discovery

Defendants have moved for a sixty-day extension of the discovery deadline, up to and including December 31, 2007 (*see* Doc. 31 at 8).  Plaintiff indicates that he consents to an extension (*see* Doc. 29 at 2).  Therefore, the court shall extend the discovery deadline to December 31, 2007.

C.     Sanctions

The remaining issue is whether Defendants are entitled to sanctions.  Federal Rule of Civil Procedure Rule 33(b)(5) provides that a party submitting interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.  Rule 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring a motion to compel.  In pertinent part it states:

> If the [motion to compel discovery] is granted or if the disclosure or requested
> discovery is provided after the motion was filed, the court shall, after affording an
> opportunity to be heard, require the party or deponent whose conduct necessitated
> the motion or the party or attorney advising such conduct or both of them to pay to
> the moving party the reasonable expenses incurred in making the motion, including
> attorney's fees, unless the court finds that the motion was filed without the movant's
> first making a good faith effort to obtain the disclosure or discovery without court

action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). The rules direct that the court shall impose sanctions against the unsuccessful party under a motion to compel unless the nondisclosing party's objection was "substantially justified" or "that other circumstances make an award of expenses unjust." *Id.*; *see* Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment; WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle of Rule 37(a)(4) is that the loser pays."). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In this case, the court cannot conclude that Plaintiff's failure to adequately answer Defendants' first set of interrogatories was "substantially justified" or "that other circumstances make an award of expenses unjust." Further, Plaintiff's supplemental answers, provided after Defendants filed their motion to compel, would not allow Plaintiff to avoid liability for sanctions even if the answers were adequate. *See* Fed. R. Civ. P. 37(a)(4)(A). In this case, however, Plaintiff's supplemental responses are inadequate, which in this court's view, makes an award of sanctions even more appropriate. Thus, Defendants appear to be entitled to fees and expenses incurred in brining the instant motion to compel. However, before the court makes a final ruling on this issue, Plaintiff will be permitted to file a response regarding the issue of sanctions (see below).

Accordingly, it is **ORDERED**:

1.     Defendants' Motion to Compel and to Extend Discovery Deadline (Doc. 27) is **GRANTED**. Within **TWENTY (20) DAYS** of the date of docketing of this order, Plaintiff shall supplement his answers to questions two, three, four, seven, eight, eleven, twelve, thirteen, and fourteen of Defendants' first set of interrogatories and fully answer Defendants' interrogatories as detailed in the body of this order.

2.     The discovery deadline is hereby extended to **DECEMBER 31, 2007**.

3.     Within **TEN (10) DAYS** of the date of docketing this order, Defendants shall submit documentation of fees or expenses incurred in brining the motion to compel. Then, within **TEN (10)**

**DAYS** of the date of docketing of Defendants' documentation, <u>if Plaintiff so desires</u>, Plaintiff shall file a response addressing the issue the of imposition of sanctions and the reasonableness of the fees and expenses submitted by Defendants.

  **DONE AND ORDERED** this <u>9th</u> day of August 2007.

       <u>/s/ *Elizabeth M. Timothy*        </u>
       **ELIZABETH M. TIMOTHY**
       **UNITED STATES MAGISTRATE JUDGE**